IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-186-D

SAUL HILLEL BENJAMIN, )
                                                        )
   Plaintiff, )
                                                        )
v. )
                                                        )       **ORDER**
NICHOLAS SPARKS in his official and )
individual capacities; THE EPIPHANY )
SCHOOL OF GLOBAL STUDIES; and THE )
NICHOLAS SPARKS FOUNDATION, )
                                                        )
   Defendants. )

      This matter is before the court on Plaintiff's renewed Motion to Quash and/or for a Protective Order, filed August 15, 2016, the matter having been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) by Chief Judge James C. Dever III.[1] At issue here are sixteen subpoenas issued by Defendants, most of which are directed to former employers of and educational institutions attended by Plaintiff. The subpoenas seek information about Plaintiff from as far back as the 1960s. Defendants have responded in opposition to Plaintiff's motion, and this matter is ripe for ruling.

      Ordinarily, a party has no right to challenge a subpoena issued to a nonparty. *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2016). Such a right exists, however, where the party claims some personal right or privilege in the information sought. *Id.* At issue here are

---

[1] Plaintiff's original motion, filed July 12, 2016, was dismissed without prejudice for failure to comply with the court's Local Civil Rule 7.1(c) requiring the parties to confer in good faith in an attempt to resolve discovery disputes. (Order dated Aug. 2, 2016 [DE #92].)

subpoenas seeking Plaintiff's employment and academic records. As Plaintiff has a privacy right in such information, he has standing to challenge the subpoenas. *See Primrose v. Castle Branch, Inc.*, No. 7:14-CV-235-D, 2016 WL 917318, at *6 (E.D.N.C. Mar. 8, 2016). Moreover, Plaintiff alternatively seeks relief in the form of a protective order and, therefore, has standing to challenge the subpoenas under Rule 26. *Id.*

Whether Plaintiff's motion is considered under Rule 45 or Rule 26 is of no significance to the court's analysis. The scope of discovery allowed for a subpoena issued pursuant to Rule 45 is the same as allowed under Rule 26, which provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party," and the burden rests on the party resisting discovery to demonstrate that discovery should not be had. *EEOC v. Sheffield Fin., LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from

2

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, *inter alia*, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D).

The court finds that Plaintiff has failed to demonstrate that the information sought by Defendants' subpoenas are irrelevant to the claims and defenses at issue in this case. Plaintiff has put his background and qualifications at issue in this case. He claims a "distinguished career in the education field," earning "plaudits and praise from some of America's and the world's most influential educators and public figures for his leadership of schools and other educational institutions." (Am. Compl. [DE #51] ¶ 23.) He alleges irreparable damage to his professional reputation as a result of allegedly discriminatory and defamatory acts by Defendants. Defendants should, therefore, be permitted to inquire into Plaintiff's educational and professional background. Furthermore, the information sought is relevant to Defendants' defense that Plaintiff misrepresented his background and credentials when applying for employment. Having considered the factors set forth in Rule 26(b)(1), the court determines that the information sought is proportional to the needs of the case.

Moreover, since the filing of Plaintiff's motion, the parties have consented to the entry of a protective order limiting the disclosure of information designated confidential. Accordingly, there does not appear, at this juncture, to be a need to address issues concerning the redisclosure of confidential information obtained pursuant to the subpoenas.

3

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Quash and/or for a Protective Order [DE #93] is DENIED.

This 24th day of October 2016.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge