IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-186-D

| | | |
|---|---|---|
| SAUL HILLEL BENJAMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NICHOLAS SPARKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to compel discovery pursuant to Fed. R. Civ. P. 26 and 37 [DE #109]. Plaintiff has responded [DE #114]. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition. For the reasons stated below, Defendant's motion to compel is granted in part and denied in part.

## BACKGROUND

Plaintiff filed his initial compliant [DE #1] on October 2, 2014, and amended that complaint on May 28, 2015 [DE #51]. Plaintiff entered into an employment contract with Defendants in February 2013 (Am. Compl. [DE #51] ¶ 20 at 6); this contract was allegedly terminated on November 22, 2013 (Am. Compl. ¶ 116 at 27). The Amended Complaint alleges, *inter alia*, that Defendants breached an employment contract with Plaintiff; discriminated and retaliated against Plaintiff in violation of 42 U.S.C. § 1981, Title VII, and the Americans with Disabilities Act; and

committed various torts, including defamation concerning Plaintiff's mental health and physical abilities. (Am. Compl. at 28-43.) Plaintiff alleges emotional distress and mental anguish as a result of many of Defendants' alleged actions that form the basis of Plaintiff's lawsuit. (Am. Compl. ¶¶ 122, 127, 132, 137, 142, 147, 152, 177-78, 186(c), 191(d), 195, 198, 203.)

This Order concerns a discovery dispute regarding Plaintiff's resistance to Defendants' Interrogatories 12 and 22 and Requests for Production of Documents ("RPD") 12 and 39. (Defs.' Mot. Compel [DE #109] at 3.)

## DISCUSSION

Defendants seek Plaintiff's full response to Interrogatories 12 and 22 and RPDs 12 and 39. Plaintiff opposes said Interrogatories and RPDs, in general, on the ground that said requests for information are overbroad.

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party," and the burden rests on the party resisting discovery to demonstrate that

discovery should not be had. *EEOC v. Sheffield Fin., LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, *inter alia*, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D).

Rule 37 permits a party to move to compel cooperation with discovery requests so long as that party certifies that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules of this district similarly require that counsel "certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1.(c)(2); *see generally Boykin Anchor Co., Inc. v. Wong*, No. 5:10-CV-591-FL, 2011

WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under federal and local rules). Here, Defendants have made this certification (Defs.' Mot. Compel ¶ 8 at 3), and the documented correspondence contained in the parties' respective filings confirms that such good faith effort has been engaged in by both parties (Pl.'s Decl. Supp. Mem. Opp. Mot. Compel ("Pl.'s Decl.") [DE #115] Exs. 6-9; Defs.' Decl. Michael W. Cromwell ("Cromwell Decl.") [DE #116] Exs. F-U).

As a final preliminary matter, Defendants argue that Plaintiff waived his objections to the contested interrogatories and RPDs by including only "boilerplate" objections. (Defs.' Mem. Supp. Mot. Compel [DE #111] at 3.) The court disagrees. First, as discussed below, some of the "boilerplate" objections provide legitimate legal bases for objection. Second, as Plaintiff notes (Pl.'s Mem. Opp. Mot. Compel at 3-4), the written correspondence from Plaintiff describes with increased specificity Plaintiff's objections and proposed compromises (Pl.'s Decl., Exs. 6, 9).

### A. Interrogatory 12

Interrogatory 12 asks Plaintiff to "[i]dentify each and every individual/institution that has provided [Plaintiff] any type of medical treatment, psychological or psychiatric care, or counseling of any kind ("treatment") since January 1, 2006" and to note the respective dates of treatment, contact information for the provider, and the nature of the treatment. (Cromwell Decl., Ex. A at 8-9.) Plaintiff has responded to this interrogatory by citing his general objections 1, 2, 3, 6, and 7. (Pl.'s Decl., Ex. 5 at 14-15.)

4

General Objection 1 states the information sought is "irrelevant, immaterial, and/or not reasonably calculated to lead to the discovery of admissible evidence";

General Objection 2 states that the interrogatory is "overly broad, oppressive and/or truly burdensome";

General Objection 3 states that the information sought requires the disclosure of "confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff";

General Objection 6 states that the interrogatory "seeks the disclosure of information that is protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege protection, statute, rule, regulation or common law principle"; and

General Objection 7 states that the interrogatory "is not reasonably limited in time or seeks the disclosure of information outside the time period relevant to the present litigation." (Pl.'s Decl., Ex. 5 at 2-3.)

Plaintiff has alleged emotional distress, mental anguish, and disability discrimination, as well as defamation regarding statements about his physical and mental health. Thus, Plaintiff's medical history—both physical and mental—is squarely at issue. Defendants are entitled to explore "other potential causes" or diagnoses in Plaintiff's medical records. *See EEOC v. Smith Bros. Truck Garage, Inc.*, No. 7:09-CV-00150-H, 2011 WL 102724, at *2 (E.D.N.C. Jan. 11, 2011); *Sheffield Fin.*, 2007 WL 1726560, at *4. Plaintiff's medical history is relevant to the causation of the alleged emotional distress, but also to the truth of the alleged defamatory statements.

5

Defendants effectively request a list with contact information and brief treatment descriptions of Plaintiff's past physical and mental health care providers. This may be annoying to compile, but it is not overly burdensome when balanced against its relevancy. *See Sheffield*, 2007 WL 1726560, at *6. Moreover, Plaintiff's objection based on confidentiality of information is adequately addressed by the Protective Order [DE #108] that has been issued. *See id.* ("Federal courts have held that the privacy of any individual and the confidentiality of the files may be protected by an appropriate protective order." (quoting *Willis v. Golden Rule Ins. Co.*, No. Civ. 3-89-0189, 1991 WL 350038, at *3 (E.D. Tenn. Aug. 5, 1991)) (internal quotation marks omitted)).

Plaintiff's objection to the time frame for information requested, however, is reasonable. Plaintiff is correct that courts do not typically order disclosure of medical information pre-dating the alleged injury date by as much time as Defendants seek here. (Pl.'s Mem. Opp. Mot. Compel at 7-8.) For example, of the cases cited by the parties, the longest time period authorized by a court was in *Sheffield Fin.*, where the court authorized production of medical records and identification of health care providers pre-dating the alleged injury date by approximately five years.[1] *See Sheffield Fin.*, 2007 WL 1726560, at *2, *8 (granting motion to compel response to

---

[1] Defendants cite in a footnote to *EEOC v. Dolgencorp, LLC*, No. 1:09CV700, 2011 WL 1260241, at *13 (M.D.N.C. Mar. 31, 2011) for the proposition that "[o]ther decisions from courts in the Fourth Circuit are consistent with *Sheffield* [*Fin.*]." (Defs.' Mem. Supp. Mot. Compel at 5.) *Dolgencorp* concerned interrogatories and RPDs with no time limit but with language limiting the information sought to that related to the injuries alleged. *Dolgencorp*, 2011 WL 1260241, at *12.

6

interrogatory and request for production), *and* Complaint at 2, *Sheffield Fin.*, 2007 WL 1726560 (E.D.N.C.) (stating alleged injury date). Indeed, Defendants' request in Interrogatory 12 for medical information pre-dating the alleged injury date by approximately seven years is belied by Defendants' request in RPD 39 for medical records pre-dating the alleged injury date by approximately two-and-a-half years.

The court finds that a two-year time period pre-dating the alleged injury date fairly balances the Defendants' need for discovery and Plaintiff's interest in avoiding burdensome discovery. *See Smith Bros.*, 2011 WL 102724, at *3 (granting broad interrogatory and RPD requests for medical records in a case involving an emotional distress allegation but limiting the time frame for such discovery to two years prior to the alleged injury). Therefore, Plaintiff is ordered to comply with Defendants' request for information in Interrogatory 12 but limited to the time period beginning November 22, 2011.[2]

B.   RPD 39

Request for Production of Documents 39 asks Plaintiff to "[p]roduce the complete medical file and/or treatment file for [Plaintiff] maintained by every physician, pharmacist, psychiatrist, psychologist, counselor, therapist, or healthcare provider that treated [Plaintiff] from January 1, 2011 to the present." (Cromwell Decl., Ex. B at 14.) Similar to the analysis described above concerning Interrogatory 12, Plaintiff has put his physical and mental health at issue by alleging (i) emotional

---

[2] Plaintiff alleges some actions on behalf of Defendants that pre-date his November 22, 2013, termination date. For purposes of the instant Motion to Compel, the undersigned adopts the Plaintiff's termination date as the date of alleged injury.

distress and (ii) defamation and discrimination regarding disability. Defendants are therefore entitled to explore Plaintiff's physical and mental health history. *See Smith Bros.*, 2011 WL 102724, at \*2; *Sheffield Fin.*, 2007 WL 1726560, at \*4. However, the court adopts the same relevant time period of two years pre-dating the alleged injury date as described above. Therefore, Plaintiff is ordered to comply with Defendants' RPD 39 to produce medical documents but limited to a period beginning November 22, 2011.

C. **Interrogatory 22**

Defendants' Interrogatory 22 requests that Plaintiff: (1) "[d]escribe the nature of [Plaintiff's] current relationship with Ms. Dueck"; (2) list the "locations where [Plaintiff] or Ms. Dueck have resided on permanent or temporary bases since November 1, 2013"; and (3) describe "every way in which [Plaintiff's] relationship with Ms. Dueck was harmed, changed or affected by the events alleged." (Cromwell Decl., Ex. A at 13.)

Ms. Dueck is or was Plaintiff's wife. (Am. Compl. ¶ 75.) According to all parties, Ms. Dueck may possess important information regarding the allegations. (Am. Compl. ¶¶ 75, 76, 79, 80; Silver Decl. Mot. Supp. Issuance Letter Rogatory, Ex. C [DE #100] ¶ 7 at 3; Defs.' Mem. Supp. Mot. Compel at 7.)

Plaintiff argues that any damage caused by Defendants' actions to his relationship with Ms. Dueck is not relevant to Plaintiff's emotional distress claims. (Pl.'s Mem. Opp. Mot. Compel at 9.) Plaintiff does not elaborate upon this conclusory statement, but offers to agree not to seek damages—beyond the 'garden variety'—for

8

harm done to his relationship with Ms. Dueck if Defendants do not seek discovery on this issue. (*Id.*) Plaintiff's offer does not make the information sought irrelevant; in fact, it appears to concede the relevance (in the context of Rule 26) of the discovery sought. So long as Plaintiff pursues any damages for emotional distress, the effect of Defendants' alleged actions on his relationship with Ms. Dueck is relevant.

Plaintiff also argues that the state of his marriage with Ms. Dueck "sheds no light" on the potential bias she may have about the defamation claims. (Pl.'s Mem. Opp. Mot. Compel at 9.) Plaintiff alleges that some of the defamatory statements made by Defendants were communicated to Ms. Dueck. (Am. Compl. ¶ 79, 80.) Therefore, any potential bias on behalf of Ms. Dueck towards Plaintiff is relevant. That Ms. Dueck and Plaintiff are or were married makes the status of their relationship necessarily relevant to Ms. Dueck's potential bias. Relatedly, the list of locations where Ms. Dueck and Plaintiff have resided since the alleged injury date is reasonably calculated to reveal evidence that may be relevant to the status and nature of Plaintiff and Ms. Dueck's relationship.

Thus, Defendants are entitled to information regarding the status and nature of Plaintiff's relationship with Ms. Dueck. Plaintiff is, therefore, ordered to comply with RPD 39.

### D. RPD 12

Defendants' RPD 12 demands that Plaintiff "[p]roduce all diaries, journals, or calendars" that Plaintiff has maintained since January 1, 2012. (Cromwell Decl., Ex. B at 9.) Plaintiff objects on the grounds that the RPD is overbroad to the extent it

seeks disclosure of irrelevant information. (Pl.'s Mem. Supp. Opp. Mot. Compel at 10.) The court agrees.

Plaintiff's resistance to this RPD is bolstered by significant case law. While out-of-circuit precedent, the Tenth Circuit's opinion in *Cooke v. New Mexico Junior College Bd.*, 579 F.2d 568 (10th Cir. 1978), is instructive. In *Cooke*, the Tenth Circuit rejected a defendant's request for the plaintiff to produce his diary in its entirety. *Id.* at 570. The court held that the plaintiff's offer to disclose portions of the diary that the plaintiff conceded were relevant, and to permit in camera inspection by the trial court to ensure that all such portions were disclosed, was "amply sufficient" to satisfy the defendant's discovery requests. *Id; see also Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 361-62 (D. Colo. 2004) (denying motion to compel production of the plaintiff's entire diary after in camera review); *Quiroz v. Hartgrove Hosp.*, No. 97 C 6515, 1998 WL 341812, at *3 (N.D. Ill. June 12, 1998) (denying motion to compel production of the plaintiff's entire diary and ordering limited additional disclosures after reviewing the diary in camera); *Ayala v. Tapia*, Civ. A. No. 90-1345 (RCL), 1991 WL 241873, at *2 (D.D.C. Nov. 1, 1991) (denying motion to compel production of plaintiff's entire diary where plaintiff had previously disclosed relevant portions of the diary and where there was no evidence of bad faith).

Here, Plaintiff has offered to disclose "all diary, journal or calendar entries concerning the allegations in the Amended Complaint, if any." (Pl.'s Decl., Ex. 9 at 4.) That is a reasonable compromise. In line with *Cooke*, if Defendants are unsatisfied after receipt of the relevant portions of any diary, journal, or calendar entries

10

disclosed by Plaintiff, then they can file a request for in camera review and accompanying motion to compel. Therefore, Defendants' motion to compel regarding RPD 12 is granted in part and denied in part. Plaintiff is ordered to disclose all diary, journal, or calendar entries concerning the allegations set forth in the Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel [DE #109] is GRANTED in part and DENIED in part as more fully set forth above.

This 26th day of April 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge