IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-186-D

| | |
|---|---|
| SAUL HILLEL BENJAMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NICHOLAS SPARKS, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' motions to seal certain filings [DE ##137, 152, 178, 195, 198, 201]. Plaintiff has responded in opposition [DE ##158, 159, 206], and the matter is ripe for ruling. The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition by the Honorable James C. Dever III, Chief United States District Judge. For the reasons stated below, Defendant's motions to seal are DENIED.

## BACKGROUND

Plaintiff filed his initial compliant [DE #1] on October 2, 2014, and amended that complaint on May 28, 2015 [DE #51]. Plaintiff entered into an employment contract with Defendants in February 2013 (Am. Compl. [DE #51] ¶ 20 at 6); this contract was allegedly terminated on November 22, 2013 (Am. Compl. ¶ 116 at 27). The Amended Complaint alleges, *inter alia*, that Defendants breached an employment contract with Plaintiff; discriminated and retaliated against Plaintiff in

violation of 42 U.S.C. § 1981, Title VII, and the Americans with Disabilities Act; and committed various torts, including defamation concerning Plaintiff's mental health and physical abilities. (Am. Compl. at 28–43.) Plaintiff alleges emotional distress and mental anguish as a result of many of Defendants' alleged actions. (Am. Compl. ¶¶ 122, 127, 132, 137, 142, 147, 152, 177-78, 186(c), 191(d), 195, 198, 203.)

Defendants seek to seal documents in connection with their motion for leave to file an amended answer and documents in connection with their motion for summary judgment. Defendants also seek to seal documents filed by Plaintiff in response to the aforementioned motions.

## DISCUSSION

### I. Standard of Review for Motion to Seal

"The public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md.*, 855 F.2d 178, 182 (4th Cir. 1988). This is so because "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citing *Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)).

As a general matter, "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone*, 855 F.2d at 180). The common law right of access applies to all judicial records but "does not afford as much substantive

protection to the interests of the press and the public as does the First Amendment." *Id.* (quoting *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)). To overcome the common law right of access, the party seeking to seal documents bears the burden to show that "countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford*, 846 F.2d at 253). In contrast, if the First Amendment right of access applies, the court can only seal the documents because of a compelling governmental interest, and the restriction must be narrowly tailored to serve that governmental interest. *Id.* Before engaging in the process described below, the court must preliminarily determine whether the right of access at issue derives from the common law or the First Amendment so that "it [can] accurately weigh the competing interests at stake." *Doe*, 749 F.3d at 266.

To determine whether records should be sealed, this court must follow the procedure established in *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984). First, the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object. *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

II. Analysis

Defendants have moved to seal documents, some of which appear to derive their public right of access from the First Amendment (e.g., documents filed in connection with motion for summary judgment) and some of which appear to derive their right of access from the common law (e.g., documents filed in connection with a motion to amend an answer). Because there is some overlap between the documents, the court first addresses those documents for which the right of access derives from the First Amendment.

A. Summary Judgment Documents

Summary judgment is effectively a substitution for trial, and therefore, the First Amendment right of access attaches to documents submitted in connection with motions for summary judgment. *Rushford*, 846 F.2d at 252–53. Here, four of Defendants' motions to seal pertain to their motions for summary judgment. (Defs.' Mot. Seal [DE #152]; Defs.' Joint Mot. Seal Pls.' Mem. Opp. Mot. Summ. J. & Mot. Amend Answer [DE #178]; Defs.' Joint Mot. Seal Replies Supp. Mot. Summ. J. [DE #195]; Defs.' Joint Mot. Seal The Epiphany School's Reply Supp. Mot. Summ. J. [DE #201].)[1]

The motion to seal filed at DE #152 seeks to seal (1) exhibits contained in Defendants' Appendix of Confidential Documents which are listed in Exhibits C

---

[1] The motion to seal filed at DE #178 also pertains to documents filed in connection with Defendants' motion to amend their answer to add an affirmative defense.

4

[DE #152-4], D [DE #152-5], and E [DE #152-6] to the motion to seal; (2) the statement of undisputed material facts of Defendants Sparks and The Nicholas Sparks Foundation (Foundation) [DE #149] in support of their motion for summary judgment; (3) the statement of undisputed material facts of Defendant The Epiphany School of Global Studies (School) [DE #132] in support of its motion for summary judgment; (4) Defendant Sparks' memorandum in support of his motion for summary judgment [DE #151]; (5) Defendant Foundation's memorandum in support of its motion of summary judgment [DE #150]; and (6) Defendant School's memorandum in support of its motion for summary judgment [DE #133].

The motion to seal filed at DE #178 seeks to seal the following documents filed in connection with the summary judgment motions: (1) Plaintiff's memorandum in opposition to Defendant Sparks' motion for summary judgment [DE #168]; (2) Plaintiff's memorandum in opposition to Defendant Foundation's motion for summary judgment [DE ##169, 171]; (3) Plaintiff's memorandum in opposition to Defendant School's motion for summary judgment [DE #176]; (4) Plaintiff's Local Rule 56.1 counterstatements in response to Defendants' statements of undisputed material facts filed in connection with Defendants' summary judgment motions [DE ##167, 170]; (5) certain materials Plaintiff filed in support of his opposition to Defendants' summary judgment motions, which have been identified by Defendants in Exhibits B [DE #178-3], C [DE #178-4], and D [DE #178-5]; and (6) Plaintiff's Appendix to his Local Civil Rule 56.1 counterstatements [DE ##172, 173], identified by Defendants in Exhibits B [DE #178-3], C [DE #178-4], and D [DE #178-5].

The motion to seal filed at DE #195 seeks to seal the following documents: (1) Defendants Sparks and the Foundation's response to Plaintiff's statement of additional material facts [DE #194]; (2) Defendant School's response in support of its motion for summary judgment [DE #186]; (3) Defendant Foundation's reply in support of its motion for summary judgment [DE #188]; (4) Defendant Sparks' reply in support of his motion for summary judgment [DE #193]; Defendants Sparks and the Foundation's responses to Plaintiff's evidentiary objections [DE #191]; (5) Defendant School's responses to Plaintiff's evidentiary objections [DE #187]; and (6) exhibits identified in Defendants' Supplemental Appendix [DE #192].

The motion to seal filed at DE #201 seek to seal the following documents: (1) Defendant School's reply in support of its motion for summary judgment [DE #200]; (2) Defendant School's responses to Plaintiff's counterstatement of additional facts [DE #186]; and (3) Defendant School's responses to Plaintiff's evidentiary objections [DE #187].

Pursuant to the procedure outlined in *Knight*, Defendants' motions to seal have been docketed and made publicly available on the court's computerized case management and case filing system since their respective filing dates in November 2017 and January 2018. Thus, the public has been provided with notice and an opportunity to object to Defendants' motions to seal. *See Knight*, 743 F.2d at 234 (noting that the Third Circuit found notice sufficient where a motion was docketed reasonably in advance of its disposition); *see also Oliver v. Williams*, No. 5:09-CT-3027-H, 2010 WL 2927456, at *1 (E.D.N.C. July 21, 2010).

On April 4, 2018, journalist Amanda Holpuch (who had previously published an article about this lawsuit) submitted a letter to the court expressing opposition to Defendants' motions to seal the summary judgment materials [DE #208].

In support of their motions to seal, Defendants identify three interests they contend are sufficient to rebut the First Amendment and which require wholesale sealing of the above-mentioned documents: (1) information relating to students; (2) information relating to internal governance and decision-making processes of Defendant School and Defendant Foundation; and (3) personnel matters relating to third parties. (Defs.' Mem. Supp. Mot. Seal. [DE #153] at 6–13; Defs.' Joint Mem. Supp. Defs.' Mot. Seal Replies Supp. Mots. Summ. J. [DE #196] at 2–4; Defs.' Joint Mem. Supp. Mot. Seal School's Reply Supp. Mot. Summ. J. [DE #202] at 2–4; Defs.' Reply Pl.'s Mem. Opp. Defs.' Joint Mot. Seal Replies [DE #207] at 1–3.)

Defendants also argue that Plaintiff has failed "to articulate any reason why the public needs access" to the materials sought to be sealed. (Defs.' Joint Mem. Supp. Defs.' Mot. Seal Replies Supp. Mots. Summ. J. [DE #196] at 3; Defs.' Reply Pl.'s Mem. Opp. Defs.' Joint Mot. Seal Replies [DE #207] at 2–3.) "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access." *Virginia Dep't of State Police*, 386 F.3d at 575. Furthermore, a member of the press has objected to the motions to seal the summary judgment materials. Lastly, this argument fails to address the judicial integrity component of the right of access. *See Doe*, 749 F.3d at 266. Accordingly, the court rejects this argument and turns to Defendants' asserted compelling interests.

> i. *Information Relating to Students*

The court has reviewed the various documents Defendants seek to seal on the ground they reveal identifying information about students of Defendant School. (*See* Ex. C [DE #152-4]; Ex. B [DE #178-3]; Ex. A [DE #195-2].) Some of these documents contain the names of students; some of these documents contain the names of parents of students which could be used to deduce the identities of students; and some of these documents contain absolutely no identifying information about students. Redaction of students' names and those of their parents is practicable as to these documents and is a less drastic alternative than the wholesale sealing that Defendants request. Thus, the court determines that Defendants have not met their burden to overcome the First Amendment right of access as to these documents and DENIES the motions to seal these documents in their entirety. The court grants Defendants' alternative request to redact from these documents the names of students and their parents to preserve the anonymity of the students discussed in the documents. Pursuant to Local Civil Rule 79.2(b)(3), the documents previously filed will remain sealed. Defendants shall submit redacted versions of the documents for the court's consideration on or before September 5, 2018.

> ii. *Internal Governance and Decision-Making Procedures*

Defendants also seek to seal certain documents on the ground they reveal information about the internal governance and decision-making procedures of Defendants School and Foundation. (*See* Ex. D [DE #152-5]; Defs.' Mem. Supp. Mot. Seal. [DE #153] at 9–12; Ex. C [DE #178-4]; Defs.' Joint Mem. Supp. [DE #179] at 11–

13; Ex. B [DE #195-3]; Defs.' Joint Mem. Supp. Defs.' Mot. Seal Replies Supp. Mots. Summ. J. [DE #196] at 3–4; Defs.' Joint Mem. Supp. Mot. Seal School's Reply Supp. Mot. Summ. J. [DE #202] at 3–4; Defs.' Reply Pl.'s Mem. Opp. Defs.' Joint Mot. Seal Replies [DE #207] at 1–3.) More specifically, they contend these documents contain strategic information about the operation of their organizations (hiring and firing, recruitment of faculty and staff, donor fundraising, organizational grievance reports, regulation of student clubs, and internal finances) and that the revelation of this information would frustrate the respective organizations' purposes (i.e., to educate its students and to further the charitable aims of the Foundation). Defendants analogize this information to strategic, internal business information which they contend courts have held to be a "higher value" sufficiently on par with a government interest to, on occasion, constitute a compelling interest sufficient to overcome the First Amendment right of access to judicial records. (*See, e.g.*, Defs.' Mem. Supp. Mot. Seal. [DE #153] at 6.) To further articulate the harm about which they are concerned, Defendants have submitted declarations of Board of Trustees Members Samuel McKinley Gray, III (Gray Decl. [DE #152-2]) and Defendant Sparks (Sparks Decl. [DE #152-3]. (*See* Defs.' Reply Pl.'s Mem. Opp. Defs.' Joint Mot. Seal Replies [DE #207] at 2.)

Mr. Gray states that disclosure of the documents would hinder Defendant School's recruiting and retention efforts because (1) parents would be concerned that confidential information about their children would be publicized; and (2) board members and staff would be "alarmed" that discussions and information about

9

personnel issues, educational challenges, and student welfare would no longer be confidential. Defendant Sparks indicates similar concerns as to the Foundation, noting that it would hinder donor and staff recruitment if private employment matters discussed on a "need to know" basis were disclosed. (*See* Gray Decl. [DE #152-2] at 3–4; Sparks Decl. [DE #152-3] at 3–4.)

The court shares Defendants' concern about the disclosure of the identities of the schoolchildren, and, therefore, has granted Defendants' request to redact from the documents the names and other information from which the students could be identified. However, a review of the materials sought to be sealed leads the court to conclude that these materials are overwhelmingly about the handling of a particular employment matter, namely, the circumstances leading to the termination of Plaintiff's relationship with the School and Foundation. While Defendants "very well may desire that the allegations lodged against [them] in the course of litigation be kept from public view to protect [their] image[s], the First Amendment right of access does not yield to such an interest." *Doe*, 749 F.3d at 269. The adjudication of claims involving embarrassing, injurious, and sensitive information such as that involved in this case is part of the "day-to-day" operations of the federal courts. *Id.* Having reviewed the materials sought to be sealed and the interests articulated by Defendants, the court determines that Defendants have not shown that the circumstances here are so unusual as to overcome the First Amendment's right of access. *See Stone*, 855 F.2d at 182.

The court has also reviewed the cases cited by Defendants in support of their motions to seal.[2] The cases stand for the propositions that Defendants cite them for but are distinguishable in important ways. For example, some of the cases involve the common law right of access or a motion to seal a non-dispositive motion. *See Rosinbaum*, 2017 WL 1424436 (common law right of access); *Charter Oak*, 2015 WL 1242684 (cited section addresses redactions to an answer). Many of the cases involved motions to seal that were unopposed, and none of the cases cited appears to have involved a situation where a member of the public objected to the sealing of judicial records. It is also not clear how the information sought to be protected here is analogous to a protected trade secret, *Lord Corp.*, 2012 WL 4056755, at *1–2, or an insurance company's internal underwriting protocol, *Charter Oak*, 2015 WL 1242684, at *6. Indeed, if "internal business procedures," "sensitive financial information," and "employment decision-making" are deemed sufficient here to overcome the First Amendment, the court fails to see why these interests would not be invoked in every case involving an employment matter. Even *Pittston Co.*, 368 F.3d 385, where the Fourth Circuit upheld the district court's discretion in denying a motion to unseal certain documents, is distinguishable to the extent the district court noted that no

---

[2] *Pittston Co. v. United States*, 368 F.3d 385 (4th Cir. 2004); *Rosinbaum v. Flowers Foods, Inc.*, No. 7:16-CV-233-FL, 2017 WL 1424436 (E.D.N.C. Jan. 23, 2017); *360 Mortgage Grp., LLC v. Stonegate Mortgage Corp.*, No. 5:14-CV-310-F, 2016 WL 4939308 (E.D.N.C. Sept. 14, 2016); *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, Civil Action No. DKC 09-0100, 2015 WL 1242684 (D. Md. Mar. 17, 2015); *Lonesource, Inc. v. United Stationers Supply Co.*, No. 5:11-CV-33-D, 2013 WL 3490390 (E.D.N.C. July 11, 2013); and *Lord Corp. v. S & B Tech. Prods., Inc.*, No. 5:09-CV-2015-D, 2012 WL 4056755 (E.D.N.C. Sept. 14, 2012).

third party had asserted the public right of access. *See Pittston Co. v. United States*, No. Civ. A. 3:97CV294, 2002 WL 32158052, at *2–3 (E.D. Va. Oct. 2, 2002). These cases do not persuade the court that the circumstances of this case are so unusual as to warrant an abrogation of the First Amendment right of access.

Given the heavy burden that Defendants must carry to overcome the presumption and the objection to sealing filed by a member of the public, the court DENIES the motions to seal the summary judgment materials to the extent they are grounded on Defendants' claimed interest of confidentiality regarding internal governance and decision-making. If Defendants desire to have the documents considered by the court in connection with their motions for summary judgment, they shall refile the documents as public documents in accordance with Local Civil Rule 79.2(b)(3) on or before September 5, 2018.

      *iii.*    *Third-Party Personnel Information*

The court has reviewed the various documents Defendants seek to seal on the ground they reveal personnel information about third parties. (*See* Ex. E [DE #152-6]; Ex. D [DE #178-5]; Ex. C [DE #195-4].) The majority of the information regards the employment of Plaintiff, which is the heart of the lawsuit. Moreover, redaction of sensitive information regarding third parties (i.e., email addresses) is a less drastic alternative than the wholesale sealing sought by Defendants and is practicable here. Thus, the court determines that Defendants have not met their burden to overcome the First Amendment right of access as to these documents and DENIES the motions to seal these documents in their entirety. The court grants Defendants' alternative

request to redact from these documents any sensitive information, including email addresses or telephone numbers. Pursuant to Local Civil Rule 79.2(b)(3), the documents previously filed will remain sealed. Defendants shall submit any redacted versions of the documents for the court's consideration on or before September 5, 2018.

B.   Motion to Amend Answer Documents

Defendant Sparks also moves to seal certain documents filed in connection with his motion to amend his answer to add an affirmative defense. (Def. Sparks' Mot. Seal Excerpts Mem. Supp. Mot. Amend Answer [DE #137]; Defs.' Joint Mot. Seal Pls.' Mem. Opp. Mot. Summ. J. & Mot. Amend Answer [DE #178] at ¶¶ 1, 6.)

Several documents Defendant Sparks seeks to seal regarding his motion to amend the answer are also sought to be sealed in connection with Defendants' summary judgment motions. (*See* Pl.'s Mem. Opp. Def. Sparks' Mot. Seal [DE #158] at 2; Def. Sparks' Reply Pl.'s Mem. Opp. Def. Sparks' Mot. Seal [DE #182] at 2–3.) Because the court has denied the request to seal these documents in connection with the summary judgment matter, the request to seal the documents in connection with the motion to amend must similarly be denied.

The remaining documents Defendant Sparks seeks to seal in connection with his motion to amend the answer are (1) Ex. 4 [DE #135-2], excerpts from a deposition of Jenna Dueck; and Ex. 6 [DE #135-4], excerpts from a deposition of Thomas Plihcik, filed in support of the motion to amend the answer; (2) excerpts from his memorandum in support of his motion to amend the answer (Mem. Supp. Mot. Leave

File Am. Answer [DE #136]; Ex. A, Redacted Mem. Supp. Mot Leave File Am. Answer [DE #137-2]); (3) Plaintiff's memorandum in opposition to the motion to amend the answer (Pl.'s Mem. Opp. Def. Sparks' Mot. Amend [DE #163]); and (4) certain materials Plaintiff filed in support of his opposition to the motion to amend and motion to seal, identified by Defendant Sparks in Ex. B [DE #178-3], Ex. C [DE #178-4], and Ex. D [DE #178-5]. (Def. Sparks' Reply Pl.'s Mem. Opp. Def. Sparks' Mot. Seal [DE #182] at 1; Defs.' Joint Mot. Seal Pls.' Mem. Opp. Mot. Summ. J. & Mot. Amend Answer [DE #178] at ¶¶ 1, 6.)

Assuming without deciding that the common law right of access would apply to these documents rather than the First Amendment right of access, Defendant Sparks has failed to show that "countervailing interests heavily outweigh" the right of access to these judicial records. *See Virginia Dep't of State Police*, 386 F.3d at 575. The deposition excerpts from Jenna Dueck and Thomas Plihcik contain information specifically relating to the circumstances under which Plaintiff's employment with Defendants began and ended, which is central to the lawsuit. Review of these deposition excerpts reveals no sensitive information relating to the internal governance or decision-making of the Defendant School or Defendant Foundation that would justify sealing. Moreover, aside from the very names of Ms. Dueck and Mr. Plihcik, there is no sensitive third-party information disclosed. Review of the additional materials listed above that Defendant Sparks seeks to seal leads the court to the same conclusion. Therefore, Defendant Sparks' motion to seal documents filed in connection with his motion to amend the answer is DENIED. Defendant Sparks

14

shall refile the documents as public documents in accordance with Local Civil Rule 79.2(b)(3) on or before September 5, 2018, if he desires to have the court consider the documents in ruling on the motion to amend his answer.

## CONCLUSION

For the foregoing reasons, Defendants' motions to seal [DE ##137, 152, 178, 195, 198, 201] are GRANTED IN PART and DENIED IN PART as more fully set forth above. Pursuant to Local Civil Rule 79.2(b)(3), it is further ORDERED as follows:

1. All documents previously filed as proposed sealed documents will remain under seal and may be considered for such purposes as deemed appropriate by the court;

2. Defendants shall have until September 5, 2018, to make the redactions authorized hereinabove and to submit any proposed redacted versions of documents for the court's consideration in connection with Defendants' summary judgment motions;

3. Defendants shall have until September 5, 2018, to refile as public documents any other documents previously filed as proposed sealed documents that Defendants desire the court to consider in connection with their motions for summary judgment and Defendant Sparks' motion to amend answer.

This 28th day of August 2018.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge