IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-186-D

| | | |
|---|---|---|
| SAUL HILLEL BENJAMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| NICHOLAS SPARKS, in his official and | ) | |
| individual capacities; THE EPIPHANY | ) | |
| SCHOOL OF GLOBAL STUDIES; and | ) | |
| NICHOLAS SPARKS FOUNDATION, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the clerk on the motions for bill of costs filed by defendants Nicholas Sparks and the Nicholas Sparks Foundation [DE-331] and Epiphany School of Global Studies [DE-332]. Plaintiff has responded in opposition to the motions [DE-337; DE-340] and defendants have replied [DE-345; DE-346]. For the reasons set forth below, the motions are GRANTED in part.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in this court on October 2, 2014 [DE-1]. Following a period of discovery and pretrial motion practice, the case proceeded to a jury trial on August 14, 2019 on plaintiff's claims against defendants Nicholas Sparks and the Nicholas Sparks Foundation (collectively, "Sparks") and Epiphany School of Global Studies ("Epiphany"). On August 19, 2019, the court granted defendant Nicholas Sparks' motion for directed verdict and dismissed one of plaintiff's claims for defamation. On August 21, 2019, the jury rendered a verdict [DE-326] in favor of defendants on all remaining claims, and the clerk

entered judgment on August 22, 2019 [DE-327]. Thereafter, the defendants timely filed the instant motions for bills of cost.

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

Plaintiff opposes both motions for bill of costs in their entirety on equitable grounds. These equitable concerns go beyond the clerks' authority in ruling on a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., __ U.S. __, 132 S. Ct. 1997, 2006 (2012) (describing the taxation of costs by the clerk as a "clerical matter"). Plaintiff may raise these equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54(c).

Plaintiff further argues that the defendants' costs are excessive, and that Sparks and Epiphany should have shared copies of depositions in an effort to reduce or defray costs. As the defendants observe, however, court reporting services routinely require parties represented by separate counsel to obtain their own transcripts. Plaintiff also argues that Sparks and Epiphany incurred varying costs for the same transcripts, and he should not be assessed the higher costs.

As defendants observe, however, there is a difference in cost for an original transcript ordered by one party and a copy of the same transcript ordered by another party. Accordingly, none of these equitable reasons present a basis for the clerk to deny the motions for bills of cost, and the clerk will examine each motion in accordance with Local Civil Rule 54.1.

### A. The Sparks Motion for Bill of Costs

Sparks seeks the recovery of $22,664.07 in costs from plaintiff. Specifically, Sparks seeks the recovery of $450.45 in costs for demonstrative exhibits used at trial, pursuant to 28 U.S.C. § 1920(4), and $22,213.62 in costs for printed or electronically recorded transcripts necessarily obtained for use in the case, pursuant to 28 U.S.C. § 1920(2). After reviewing the motion and supporting documentation, the clerk finds that as prevailing parties, the Sparks defendants are entitled to the costs of demonstrative exhibits. The request for costs in the amount of $450.45 pursuant to § 1920(4) is allowed.

The request for costs of transcripts necessarily obtained for use in the case, however, includes charges for the expedited preparation of the transcript of the deposition of plaintiff, and charges for daily rough draft copies of the trial. As to the former charge, this court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing charges for expedited preparation of transcripts. See Fulmore v. United Parcel Service, 7:11-CV-18-F, 2013 WL 5969715, at *1 (E.D.N.C. Nov. 18, 2013) (disallowing costs for expedited transcripts). From the submitted invoice [DE-331-10] the clerk is unable to determine the allowable, non-expedited cost of the transcript, so the requested charges of $2,696.00 is disallowed. As to the latter charges, Local Civil Rule 54.1(c)(2)(c) explicitly prohibits the taxation of daily copy of trials, absent prior court approval. The record does not show any prior court approval, and accordingly the requested costs in the amount of $2,272.20 for daily rough drafts is disallowed. The remaining requested

costs in the amount of $17,245.34 for transcripts necessarily obtained for use in the case are allowed.

**B. The Epiphany Motion for Bill of Costs**

Epiphany seeks the recovery total costs in the amount of $25,337.92. Specifically, Epiphany seeks (1) $23,707.00 in costs for printed or electronically recorded transcripts necessarily obtained for use in the case, pursuant to 28 U.S.C. § 1920(2); (2) $1,286.45 in costs for witness fees, pursuant to 28 U.S.C. § 1920(3), and (3) $344.47 in costs for exemplification pursuant to 28 U.S.C. § 1920(4)).

Epiphany's request for fees for transcripts necessarily obtained for use in the case includes charges for exhibits, delivery, shipping and handling, litigation support packages, room rentals, and condensed transcript services. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing any of these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"); Estate of Ward v. Trans Union Corp., No. 4:04-CV-88-DAN, 2009 WL 10705140, at *2 (E.D.N.C. Feb. 25, 2009) (disallowing cost of room rental for deposition).

Accordingly, costs in the amount of $1,625.65[1] are disallowed. The remaining requested costs in the amount of $22,080.95 for transcripts necessarily obtained for use in the case are allowed.

Epiphany also seeks $344.47 in costs for making copies of any materials where the copies are necessarily obtained for use in the case, pursuant to § 1920(4), and $1,286.45 in costs for witness expenses, pursuant to § 1920(3). The request for those costs being property supported, the request is allowed.

## CONCLUSION

For the foregoing reasons, the motions for bill of costs [DE-331, DE-332] are GRANTED in part. As prevailing parties, defendants Nicholas Sparks and the Sparks Foundation are awarded (1) $17,245.34 in costs pursuant to § 1920(2) and (2) $450.45 in costs pursuant to § 1920(4). Further, as a prevailing party defendant Epiphany School of Global Studies are awarded (1) $22,080.95 in costs pursuant to § 1920(2); (2) $1,286.45 in costs pursuant to § 1920(3), and (3) $344.47 in costs pursuant to § 1920(4). These costs are taxed against Plaintiff Saul Hillel Benjamin and shall be included in the judgment.

SO ORDERED. This the 22 day of April, 2020.

_____
Peter A. Moore, Jr.
Clerk of Court

---

[1] The disallowed charges include (1) $32.00 for scanned exhibits and $37.00 for a delivery fee for the deposition of Jennifer Ducek; (2) $56.00 for shipping and handling and $27.72 in finance charges for the video deposition of Ken Gray; (3) $56 for shipping and handling and $49.83 in finance charges for the video deposition of Melissa Blackerby; (4) $165.00 for a litigation support package, $48.00 for processing and distribution, $56.00 for shipping and handling, and $97.23 in finance charges for the copy of the transcript of Melissa Blackerby; (5) $139.60 in finance charges for the copy of the transcript of S. McKinley Gray, III; (6) $67.25 in finance charges for the copy of the transcript of John Hawkins; (7) $88.18 in finance charges for the copy of the transcript of David Wang; (8) $165.00 for a litigation support package, $48.00 for processing and distribution, $56.00 for shipping and handling, and $39.66 in finance charges for the copy of the transcript of Tracey Lorentzen; (9) $68.40 for exhibits and $20.00 for postage and handling for the deposition of plaintiff; (10) $129.98 for the room rental for a deposition, and (11) $40.00 for litigation support package, $20.00 for a condensed transcript, $45.00 for processing and delivery, and $48.70 for exhibit costs for the deposition of Anne Salzmann.